Dissenting Memorandum.
Defendants’ objection to the People’s peremptory challenge in violation of section 385 of the Code of Criminal Procedure ought to be considered as timely made. The Appellate Division in this case properly noted the danger of confusion and potential for prejudice inherent in deviations by a trial court from proper methods of jury selection. Here, where the court and the prosecution departed from the requirements of section 385 of the Code of Criminal Procedure, as well as from the trial court’s own rulings as to the procedures to be followed in selecting the jury for defendants’ trial, the failure of defense counsel to apprehend immediately the impropriety of the People’s challenge to this juror should not be held to make their subsequently voiced objection, made before the trial itself had commenced, untimely. Quite possibly defense counsel were victims of the very confusion the Appellate Division spoke of as likely to result from inconsistent and improper court rulings such as were made here. In addition, it is well to note that the trial court itself, in a far better position than this court to gauge the effect upon the orderly administration of justice in its court of allowing an objection such as was made here by defense counsel to be entered at the time when this one was entered, treated defendants’ motion on the merits, apparently viewing it as timely.
Judges Scileppi, Bergan, Keating, Breitel and Jasen concur in memorandum; Chief Judge Fuld and Judge Burke dissent in part and vote to reverse and order a new trial in a separate memorandum.
Judgments, as to appellants Mancuso and Morganti, modified in accordance with the memorandum herein and, as so modified, affirmed.